UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WENDY D.,

           Plaintiff,

       v.                                       **DECISION AND ORDER**
                                                      20-CV-6624S

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____

      1. Plaintiff Wendy D.[1] brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her application for disability insurance benefits under Title II of the Act. (Docket No. 1.) This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

      2. Plaintiff filed her application for benefits under Title II of the Act on February 24, 2017. (R.[2] at 94, 103.) Plaintiff alleged disability beginning on June 15, 2016, due to Bipolar II, anxiety disorder/panic attacks, depression, and stage IV medullary carcinoma of the thyroid. (R. at 94-95.) Plaintiff's application was denied. Plaintiff thereafter requested a hearing before an administrative law judge ("ALJ"). ALJ Robyn Hoffman held a hearing on January 30, 2019, at which Plaintiff, represented by her attorney, appeared and testified. (R. at 43-75.) No vocational expert testified at the hearing. At the time of the hearing, Plaintiff was 53 years old, with a twelfth-grade education and work experience as an assistant store manager, receptionist, and merchandise team leader. (R. at 187.)

---

[1] In accordance with this Court's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order will identify Plaintiff by her first name and last initial.

[2] Citations to the underlying administrative record are designated as "R."

3. The ALJ considered the case <u>de novo</u> and, on March 14, 2019, issued a written decision denying Plaintiff's application for benefits. (R. at 28-36.) On July 1, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision. (R. at 1.) Plaintiff then filed the current action on August 1, 2020, challenging the Commissioner's final decision.[3]

4. Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 17, 18.)  Plaintiff filed a response on September 29, 2021 (Docket No. 19), at which time this Court took the motions under advisement without oral argument. For the reasons that follow, Plaintiff's motion is granted, and Defendant's motion is denied.

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); <u>Wagner v. Sec'y of Health & Human Servs.</u>, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See <u>Grey v. Heckler</u>, 721 F.2d 41, 46 (2d Cir. 1983); <u>Marcus v. Califano</u>, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See <u>Rutherford v. Schweiker</u>, 685 F.2d 60, 62 (2d Cir. 1982).

---

[3] The ALJ's March 14, 2019, decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

6. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

8. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant

>has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

9. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

10. The ALJ analyzed Plaintiff's claim for benefits under the process set forth above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of June 15, 2016. (R. at 30.)  At step two, the ALJ found that Plaintiff has the severe impairments of anxiety and depression. (Id.)

11. The ALJ then found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the impairments in

4

20.C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (R. at 31.)

12. Next, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but that she retained the ability to

> understand and follow simple instructions and directions; perform simple tasks independently; maintain attention/concentration for simple tasks; regularly attend to a routine and maintain a schedule; relate to and interact appropriately with all others to the extent necessary to carry out simple tasks; … handle simple, repetitive work-related stress in that [she] can make occasional decisions directly related to the performance of simple tasks in a position with consistent job duties that does not require [her] to supervise or manage the work of others.

(R. at 32.)

13. Plaintiff first argues that the Appeals Council erred in failing to give "good reasons" for not properly considering an opinion by her psychiatrist, Dr. Iustinian Rusu, that she submitted to the Appeals Council after the ALJ's decision.

14. The Appeals Council will review a case when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.967 (a)(5). A plaintiff submitting evidence to the Appeals Council must also demonstrate "good cause" for not informing the Commissioner of the information earlier. 20 C.F.R. § 404.970.

15. The circuits differ on whether the Appeals Council is required to apply the treating physician rule to evidence submitted to it. The treating physician rule provides that "the opinion of a claimant's treating physician as to the nature and severity of the

5

impairment is given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008). When the Commissioner declines to give controlling weight to the opinion of a treating physician, he or she must determine how much weight, if any, to give it. In doing so, he or she must consider the following, nonexclusive "Burgess factors": "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." Selian v. Astrue, 708 F.3d 409, 418 (2d Cir. 2013) (per curiam) (citing Burgess, 537 F.3d at 129).

16.    Some circuits have held that the Appeals Council need not discuss new evidence submitted to it, even from treating physicians, when it denies a request for review. See, e.g., Mitchell v. Comm'r, 771 F.3d 780, 783-85 (11th Cir. 2014); Meyer v. Astrue, 662 F.3d 700, 702 (4th Cir. 2011); Taylor v. Comm'r, 659 F.3d 1228, 1232 (9th Cir. 2011); Martinez v. Barnhart, 444 F.3d 1201, 1207 (10th Cir. 2006); Higginbotham v. Barnhart, 405 F.3d 332, 335 n.1 (5th Cir. 2005). The Second Circuit, on the other hand, has suggested that the treating physician rule applies to opinions submitted both to the ALJ and to the Appeals Council. See Newbury v. Astrue, 321 F. App'x 16, 17–18 (2d Cir. 2009) (holding, of evidence submitted only to the Appeals Council, that plaintiff was "entitled to express consideration of Dr. Grace's April 23, 2004 and December 3, 2004 opinions, a statement of the weight given to these opinions, and good reasons for the ALJ's decision").

6

17. District courts in this circuit frequently find that the treating physician rule applies to the Appeals Council when it receives new evidence from a claimant's treating physician. See, e.g., Durrant v. Berryhill, No. 16-CV-6781-FPG, 2018 WL 1417311, at *4 (W.D.N.Y. Mar. 22, 2018) ("At the very least, the treating physician rule required the Appeals Council to give good reasons for neglecting the new opinions."); Hollinsworth v. Colvin, No. 15-CV-543-FPG, 2016 WL 5844298, at *3–4 (W.D.N.Y. Oct. 6, 2016); Judge v. Comm'r of Soc. Sec., No. 12-CV-482 GLS/VEB, 2013 WL 785522, at *5–7 (N.D.N.Y. Feb. 1, 2013), report and recommendation adopted, No. 5:12-CV-482 GLS/VEB, 2013 WL 785641 (N.D.N.Y. Mar. 1, 2013) ("the Appeals Council was obligated to provide an explanation for its decision not to afford controlling weight to an assessment provided by Plaintiff's treating physician"); Knepple–Hodyno v. Astrue, No. 11–cv–443, 2012 WL 3930442, at *9 (E.D.N.Y. Sep't 10, 2012) (remanding for further proceedings because the "Appeals Council provided no explanation as to why it did not give ... new evidence controlling weight"); Shrack v. Astrue, No. 3:08–CV–00168, 2009 WL 712362, at *3 (D. Conn. Mar. 17, 2009) ("[T]he treating physician rule applies to the Appeal's [sic] Council when the new evidence at issue reflects the findings and opinions of a treating physician."); Stadler v. Barnhart, 464 F.Supp.2d 183, 188 (W.D.N.Y. 2006) (concluding that the Appeals Council erred by "fail[ing] to follow the requirements of the Commissioner's regulation in summarily concluding, without 'good reasons' stated, that the new evidence submitted by plaintiff's counsel to it was insufficient to disturb the ALJ's determination"); Farina v. Barnhart, No. 04–CV–1299 (JG), 2005 WL 91308, at *5 (E.D.N.Y. Jan.18, 2005) (remanding for further proceedings where the Appeals Council

failed to "provide the type of explanation required under the treating physician rule" when denying review)).

18. This Court finds that the Appeals Council's failure to apply the treating physician rule to Dr. Rusu's opinion, and to give good reasons for rejecting it, was error. Dr. Rusu was clearly Plaintiff's treating physician. A treating physician is one who has provided a plaintiff "with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with" that plaintiff. 20 C.F.R. § 404.1527(a)(2). The record indicates that Dr. Rusu was Plaintiff's treating psychiatrist. She saw him first on June 7, 2017 and saw him for psychiatric care and medication management from that date through March 14, 2019. (R. at 569-592, 77-88.) This is sufficient to establish a treating physician relationship. Tyrone P. v. Saul, No. 3:20CV00112(SALM), 2021 WL 288788, at *14 (D. Conn. Jan. 28, 2021).

19. After the ALJ rendered its decision, Plaintiff to the Appeals Council a disability form that Dr. Rusu and the therapist in his office, Tiffany Garofono, had filled out on April 19, 2019. (R. at 14-19.) Dr. Rusu and Ms. Garofono opined that Plaintiff would be unable to learn, recall and use information to carry out one or two step work tasks, use reason and judgment to make simple work-related decisions, accept criticism from supervisors, work in coordination with co-workers and interact with the general public, be punctual, and perform at a consistent pace, 25% of the time or more, "due in part to depression and panic." (R. at 14-16.)

20. In denying Plaintiff's request for review, the Appeals Council stated only that it did not find a reasonable probability that the newly-submitted evidence would change the outcome of the decision. (R. at 2.) This Court finds that this explanation was

inadequate. Dr. Rusu, a psychiatric specialist, was familiar with Plaintiff and treated her regularly. The Appeals Council erred in not considering these facts and in not explicitly assessing the consistency of this opinion with the rest of the record, as required by the treating physician rule. Because the Appeals Council did not give the requisite "good reasons" for rejecting Dr. Rusu's opinion, Newbury, 321 F. App'x at 17–18, remand is warranted.

21.     Plaintiff also argues that the ALJ improperly rejected the opinion of treating physician Dr. Rachel Long, improperly assessed Plaintiff's symptoms, and erred by failing to call upon a vocational expert for testimony. Because remand is warranted on other grounds, this Court will not address these arguments here. On remand, the ALJ shall consider these issues as it considers appropriate.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 17) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 18) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this opinion.

FURTHER, that the Clerk of Court is DIRECTED to close this case.

SO ORDERED.


Dated:      March 14, 2022
            Buffalo, New York

                                              s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                          United States District Judge